■ In the Matter of ALFRED E. GERAGHTY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—By petition dated March 26, 1986, the Committee on Professional Standards commenced the instant disciplinary proceeding against respondent, an attorney admitted to practice in this Department in 1955. Respondent maintains an office for the practice of law in Gloversville, New York.

The petition charges respondent with neglect of two legal

matters entrusted to him by clients, failure to respond to inquiries from and on behalf of clients, failure to cooperate with petitioner in its investigation of inquiries filed against him and failure to comply with a directive from petitioner to appear for an oral admonition.

Respondent failed to answer the petition and, when petitioner moved for a default judgment, he submitted only a brief opposing affidavit which did not adequately explain the reasons for his default or indicate the existence of any defenses to the charges. Petitioner's motion was granted and respondent was afforded an opportunity to be heard by the court in mitigation.

In explanation of his actions, respondent states that he has been ill with a heart condition, that the medication which he is taking has made him fatigued and depressed, that his practice has been seriously affected of late because of his poor state of health, that his wife has also been seriously ill and that the combination of these factors resulted in the neglect of client matters and other misconduct set forth in the petition. Respondent has submitted a doctor's statement which confirms that he has been treated for depression and lassitude, that he is at present markedly slowed in both his physical and mental reactions, and that he has been referred to a mental health clinic on an out-patient basis for further treatment.

In determining an appropriate sanction in this matter, we note initially that by failing to answer the petition of charges respondent has admitted misconduct with regard to client affairs which is not insubstantial and which obviously tends to bring the legal profession into disfavor and disrepute. What is most disturbing, however, is respondent's repeated failure to cooperate with petitioner in its investigation of these complaints thus necessitating, on two occasions, applications to the court for orders directing his examination. We further observe that petitioner had apparently determined to close these complaints upon the issuance of an oral admonition to respondent as permitted by our rules (22 NYCRR 806.4 [c] [2]). Respondent, however, frustrated this disposition of the matter by failing to appear for the admonition on the date set by petitioner. The instant disciplinary proceeding resulted. In addition, we note that respondent was admonished by the Committee in December 1976 for neglect of a client's claim, failure to give status reports to the client, failure to cooperate with a successor attorney and failure to surrender the client's file to the successor attorney, all of which misconduct is similar to that charged in the instant petition.

After considering the mitigating circumstances presented and cognizant of the facts that respondent's misconduct did not involve dishonesty or result in personal gain, and that his present physical and mental condition is a likely contributing factor in the neglect which resulted in these charges, we conclude that censure is the appropriate measure of discipline. We caution respondent, however, that future neglect of client matters or failure to cooperate with petitioner will result in the imposition of more substantial discipline.

Respondent censured. Kane, Casey and Levine, JJ., concur.

Mahoney, P. J., and Weiss, J., dissent and vote to suspend respondent in a memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). In our view, respondent's neglect of client matters, his repeated failure to cooperate with petitioner and his failure to appear for the oral admonition which would have obviated the commencement of this proceeding amount to serous misconduct for which respondent should be suspended. We note that respondent has previously been disciplined by petitioner for similar misconduct and we are not convinced that his present alleged infirmities constitute sufficient excuse for his unprofessional conduct in these matters.

Respondent should be suspended for six months.